## SOUTHEAST VOLUSIA HOSPITAL DISTRICT, et al., v. FLORIDA PATIENT'S COMPENSATION FUND, et al. TALLAHASSEE MEMORIAL REGIONAL MEDICAL CENTER, et al., v. FLORIDA PATIENT'S COMPENSATION FUND, et al.

Case Nos. 84-543, 84-909 (Consolidated)

Second Judicial Circuit, Leon County

June 6, 1984

### APPEARANCES OF COUNSEL

**John D. Buchanan, Jr., Alan C. Sundburg, Ben H. Wilkinson, Neil H. Butler,** and **Cathi C. O'Halloran** for the plaintiffs.

**F. Perry Odom, C. Everett Boyd, Jr.,** and **Robert King High, Jr.,** for Defendant Hospitals.

**David A. Yon,** Department of Insurance, State of Florida, for defendant Department of Insurance.

**Richard B. Collins** for defendant Florida Patient Compensation Fund.

### OPINION OF THE COURT

DONALD O. HARTWELL, Circuit Judge.

### *ORDER*

These cases are before the Court on motions to dismiss filed by both

the Florida Patient's Compensation Fund and the State of Florida Department of Insurance. These actions seek declaratory relief and specific performance or in the alternative damages. At the hearing held on May 29, 1984, the plaintiffs acknowledged that their claim for specific performance no longer lies in view of the opinion of the First District Court of Appeal in the case of *Highlands County Hospital District, et al. v. Department of Insurance, et al.,* Case No. AS-52 and Case No. AU-134, consolidated. However, they maintain that their counts for declaratory judgment and damages remain viable. We do not agree.

The plaintiffs seek the same relief in this action which has been previously denied them by the simple expedient on changing the designation of what they seek from "assessments" to "damages". In the prior actions they sought relief from the levy of assessments. In this action they seek as damages the same sum referred to as "assessments" in the previous action by challenging the "fees" levied.

In addition the motions to dismiss assert a number of grounds, some of which are common to both motions. These other grounds on which this Court relies in part should be enumerated so that, in the event of appeal, they can be properly disposed of. This Court concludes that both motions should be granted for the failure to join indispensable parties; for the reason that adequate administrative remedies are and were available; that the hospital, prior to electing to participate in the fund, had full knowledge of the fees whether primary or additional and were aware of the possibility of an assessment in the nature of the one about which they now complain and therefore have waived or are estopped to now challenge such action; and, finally, for failing to pay the contested fees as provided in Section 768.54(3)(d), Florida Statutes. The motions are denied on all other grounds asserted not enumerated above.

Subsequent to the hearing in this cause the fund submitted a letter memorandum dated May 30, 1984. This memorandum was not requested by the Court and has been objected to by the plaintiffs.

It is thereupon ORDERED AND ADJUDGED as follows:

1. The letter memorandum submitted by the Florida Patient's Compensation Fund be and the same is hereby stricken.

2. That the motions to dismiss filed by both defendants be and the same are hereby granted, and these causes of action hereby stand dismissed with prejudice.